IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ANDRES MARTINEZ,**

    **Petitioner,**

v.                                                        Case No. 1:20-cv-00574

**WARDEN C. MARUKA,**
**FCI McDowell,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

**I.**    **Relevant History**

On January 27, 2020, Petitioner sent a letter to the Honorable Lawrence J. Vilardo, Judge, United States District Court for the Western District of New York, seeking a recalculation of his sentence. (ECF No 1). On August 27, 2020, by Order of Judge Vilardo, Petitioner's letter was sent to this Court as a petition for habeas relief pursuant to 28

1

U.S.C. § 2241. (ECF No. 1-1). The case was docketed, assigned to the Honorable David A. Faber, United States District Judge, and referred to the undersigned United States Magistrate Judge for findings of fact and recommendations for disposition. (ECF No. 2).

The Clerk of Court sent a Notice to Petitioner on September 1, 2020, advising him to pay the requisite $5.00 filing fee, or submit a completed Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 3). On September 16, 2020, the undersigned entered an Order again directing Petitioner to pay the requisite $5.00 filing fee or submit to the Court the Application on or before October 16, 2020. (ECF No. 4). Petitioner was advised that a failure to comply with the Order would result in a recommendation of dismissal. (*Id*.). According to the docket sheet, Petitioner received the Order, but did not pay the fee or submit an Application.

On October 19, 2020, the undersigned reviewed the petition and noted that it was similar to a separate habeas petition filed by Petitioner, which is pending in this district. *See Martinez v. Maruka,* Case No. 1:20-cv-00013. Accordingly, the undersigned entered a Show Cause Order, advising Petitioner that he could voluntarily dismiss the instant petition if he sought no further relief than that requested in Case No. 1:20-cv-00013. (ECF No. 5). If Petitioner sought different relief, or based the instant petition on a different set of facts than those asserted in Case No. 1:20-cv-00013, he was instructed to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. (*Id*.). Petitioner was given thirty days to take one or the other step. Petitioner was advised that a failure to comply with the Order would result in a recommendation of dismissal. (*Id*.). The docket reflects that Petitioner received a copy of the Order to Show Cause. (*Id*.).

Despite receiving one notice and two court orders instructing Petitioner to pay the filing fee, or submit the Application, he has failed to do so. Furthermore, Petitioner has

made no effort to communicate with the Court to explain his failures to comply with the court orders, nor has he sought dismissal of the petition. Lastly, Petitioner has taken no action to prosecute his claim since the filing of the petition more than three months ago.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received one notice and two orders alerting him to his obligation to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. Petitioner was further advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee nor submitted a completed Application. Petitioner was given more than ample time to comply with the notice and orders, but failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for more than three months, and he has been given three months to comply with the Court's directives; yet, Petitioner has not complied. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant, although in this proceeding, the prejudice is admittedly minimal. However, as Petitioner has wholly disregarded court orders, has made no effort to pursue his petition since August 2020, and has failed to follow up with the Court in more than three months, a sanction less

severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96. In addition, Petitioner has a habeas proceeding already pending in this Court in which he seeks the same relief as sought herein.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that Petitioner still has a similar claim pending in this Court, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III.   Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute

a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: December 1, 2020

Cheryl A. Eifert
United States Magistrate Judge